Calvin P. "Kelly" Vance
OSB # 961225
Vance Law Office
11 N. Barker Rd., Suite A
Spokane Valley, WA 99016
509-315-5730

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ERIC JESTER,<br><br>　　　Plaintiff,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>　　　Defendant. | **COMPLAINT** |

1.

Plaintiff is the owner of a residence located at 1145 SW 52nd Court in Lincoln City, Oregon.

Defendant is a foreign insurance company, having its principal offices in Bloomington, Illinois.

Defendant is authorized to do business in Oregon as a property and casualty insurer.

2.

This court has jurisdiction over the parties and subject matter of this case under 28 USC Sec. 1332. There is complete diversity of citizenship between Plaintiff and Defendant. The property that

was damaged is located in Lincoln County, Oregon, so venue in this court is proper. The amount in controversy is in excess of $ 450,000.

As a **FIRST CAUSE OF ACTION** Plaintiff alleges:

**(Breach of Contract)**

3.

Defendant issued insurance policy number 37-CR-H316-0 covering Plaintiff's dwelling and personal property, which policy was in effect at the time of the loss described herein. Plaintiff paid insurance premiums in good faith and has performed all conditions precedent to the right to maintain this action. This action is timely filed less than a year after the loss, but more than six months after proof of loss was made.

4.

Plaintiff experienced windstorm damage to the above described dwelling on November 12, 2020. The high winds damaged the house and personal property ("contents"). Plaintiff promptly reported the fire loss to Defendant and allowed the insurer to inspect the damage, thereby making a proof of loss to the insurer. Defendant opened claim number 37-013Z2-77G after Plaintiff reported the loss.

5.

Defendant had several duties under the policy, including a duty to promptly investigate the loss, to determine coverage for the loss, to estimate the amount of loss, to pay to restore the dwelling to pre-loss condition and to pay to replace the damaged and contaminated personal belongings. Defendant has breached all of these duties.

6.

Plaintiff has been damaged as a direct result of Defendant's breach of contract in the principal amount to be proven at trial, but believed to be at least $ 450,000. These damages include cost to repair the dwelling, loss of use of the dwelling and damage to contents. Because the amount owed is readily ascertainable by mathematical computation, Plaintiff is entitled to prejudgment interest under ORS 82.010, commencing thirty days from proof of loss, until paid.

7.

Plaintiff is also entitled to recover costs and attorney fees against Defendant pursuant to ORS 742.061(1) because more than six months have expired since Plaintiff submitted proof of loss to Defendant and the claim remains unsettled.

## SECOND CAUSE OF ACTION

### (Breach of the Common Law Duty of Good Faith and Fair Dealing)

8.

Plaintiff incorporates paragraphs 1 through 7 above, as if fully set forth herein.

9.

Defendant's insurance contract, like every contract in the State of Oregon, contains an implied covenant of good faith and fair dealing requiring Defendant to perform its obligations in actual good faith. Plaintiff paid insurance premiums to Defendant in good faith. In return, Plaintiff was entitled to have his loss adjusted in good faith and fairly, as required by the contractual duty of good faith and fair dealing, as well as the policy and Oregon law.

10.

Oregon has adopted portions of the National Association of Insurance Commissioners' Model Acts, including a version of the Unfair Claim Settlement Practices Act found at ORS 746.230 and 746.240. ORS 742.230 provides in relevant part:

> **"746.230. Unfair claim settlement practices.**
>
> (1) **No insurer or other person shall commit or perform any of the following unfair claim settlement practices**:
> (a) Misrepresenting facts or policy provisions in settling claims;
> (b) **Failing to acknowledge and act promptly upon communications relating to claims**;
> (c) Failing to adopt and implement reasonable standards for the prompt investigation of claims;
> (d) **Refusing to pay claims without conducting a reasonable investigation based on all available information**;
> (e) **Failing to affirm or deny coverage of claims within a reasonable time** after completed proof of loss statements have been submitted;
> (f) **Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear;**
> (g) **Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants**;
> (h) Attempting to settle claims for less than the amount to which a reasonable person would believe a reasonable person was entitled after referring to written or printed advertising material accompanying or made part of an application;
> (i) Attempting to settle claims on the basis of an application altered without notice to or consent of the applicant;
> (j) Failing, after payment of a claim, to inform insureds or beneficiaries, upon request by them, of the coverage under which payment has been made;
> (k) Delaying investigation or payment of claims by requiring a claimant or the physician of the claimant to submit a preliminary claim report and then requiring subsequent submission of loss forms when both require essentially the same information;
> (l) **Failing to promptly settle claims under one coverage of a policy where liability has become reasonably clear in order to influence settlements under other coverages of the policy**; or
> (m) **Failing to promptly provide the proper explanation of the basis relied on in the insurance policy in relation to the facts or applicable law for the denial of a claim**.

11.

ORS 746.240 provides:

> **"746.240 Undefined trade practices injurious to public prohibited.** No person shall engage in this state in any trade practice that, although not expressly defined and prohibited in the Insurance Code, is found by the Director of the Department of Consumer and Business Services to be an unfair or deceptive act or practice in the transaction of insurance that is injurious to the insurance-buying public."

12.

The above statutes establish a standard of care for the handling of insurance claims. Defendant violated the provisions shown above and breached of the implied covenant of good faith and fair dealing inherent in the insurance contract.

13.

Plaintiff has suffered damages as a direct result of Defendant's breach of the implied covenant of good faith and fair dealing in the principal amount of $450,000. These damages include cost to repair the dwelling, loss of use of the dwelling and damage to contents. Because the amount owed is readily ascertainable by mathematical computation, Plaintiff is entitled to prejudgment interest at the rate of 9 percent, pursuant to ORS 82.010, commencing thirty days from proof of loss, until paid.

14.

Plaintiff is also entitled to recover costs and attorney fees pursuant to ORS 742.061(1).

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

1. For compensatory damages against Defendant in the amount of $ 450,000.00;

2. For prejudgment interest from thirty days after proof of loss, until paid;

3. For attorney fees under ORS 742.061(1).

DATED: June 30, 2021.

*s/ Calvin P. "Kelly" Vance*
 CALVIN P. "KELLY" VANCE, OSB 961225